IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | | |
|---|---|---|
| **MYLENE L. VIVERETTE** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CIVIL ACTION NO. 2:05CV368-LG-JMR** |
| | § | |
| **HOME DEPOT U.S.A. INC.** | § | **DEFENDANT** |

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER IS BEFORE THE COURT** on the Motion for Summary Judgment [96] and Motion to Strike Exhibits [118] filed by Defendant Home Depot U.S.A., Inc. Upon reviewing the submissions of the parties and the relevant law, the Court finds that Defendant's Motion for Summary Judgment should be granted in part and denied in part and that Defendant's Motion to Strike Exhibits should be granted as to the affidavit of Greg Luckett, but denied as moot in all other respects.

### FACTS

Plaintiff Mylene L. "Missy" Viverette, who is an African-American female, transferred from the Gulfport, Mississippi, Home Depot store to the new Hattiesburg, Mississippi, store in June of 2002. (Part 1 of Pl.'s Dep. at 16). Upon transferring to the Hattiesburg store, Plaintiff was promoted to the position of Special Services Supervisor. (Part 1 of Pl.'s Dep. at 16). Plaintiff was terminated on July 30, 2004, for allegedly refusing to complete a refund for a customer and for entering notes in Home Depot's computer system that implied that the customer was attempting to do something improper by requesting the refund. On August 13, 2004, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, and was issued a right to sue letter on March 15, 2005. Plaintiff filed this lawsuit on June 2, 2005, asserting claims of racial discrimination, gender discrimination, violations of 42 U.S.C. §1981, and retaliation.

The parties disagree over the events that led to Plaintiff's termination. A plumbing contractor entered the exit door in front of Plaintiff's desk in order to return cabinets that had been purchased at the store. (Part 1of Pl.'s Dep. at 14). Plaintiff told the contractor to go to the returns section of the store. (Part 1of Pl.'s Dep. at 14). Defendant asserts that the area of the store where Plaintiff sent the contractor was very busy, and the contractor was required to wait for assistance. (Garza's Dep. at 63). As a result, George Garza, the store manager, demanded that Plaintiff process the return, but she was concerned about returning merchandise that was located in another area of the store. (Part 1of Pl.'s Dep. at 20-21). Plaintiff also claims that she informed Garza that she was not allowed to process returns for contractors, but Garza again demanded that she process the return, and she did so. (Part 1of Pl.'s Dep. at 25-26). She also entered the following notation in the company's computer system: "7-30-2004 I (MISSY) WAS TOLD TO DO RETURN ON ALL REGULAR STOCK MERCH FROM MILLS PRIDE B4 STORE MANAGER/GEORGE AND GREDWOOD HR/OPS MNGR . . NO MRF WAS SIGNED . . SUPPOSEDLY WORKING IN SAME ORDER TO BUY SOMETHING ELSE." (Ex. 11 to Pl.'s Resp.). However, Defendant claims that Plaintiff never processed the return, even after she agreed to process it. (Garza's Dep. at 64).

According to Plaintiff, a Caucasian, female employee named Nancy Stegeman approached her and questioned why she processed the return. Plaintiff claims that Stegeman made the following entry in the computer system: "07/30/2004 – TRIED TO RETURN 1 OF SKU 224324 BECAUSE IT WAS BROKEN AND 1 OF SKU 215959 BECAUSE WE ONLY HAVE 1 OF THESE. THE CUSTOMER DOES NOT HAVE ALL THE QUANTITIES FOR THESE 2 SKU'S ONLY HAD 1 OF EACH!!!!!!!" (Ex. 11 to Pl.'s Resp.) However, Defendant alleges that

Plaintiff has admitted that she made the above notation, rather than Stegeman, relying on the following deposition testimony given by Plaintiff:

> Q. What's the next note? What are you saying in this next note?
> A. "Tried to return 1 of SKU because it was broken and 1 of sku 215959 because we only have 1 of these. The customer does not have all the quantities for these 2 SKUs. Only has 1 of each."
> Q. What did you write? What was that about?
> A. They wanted to return two. They only had one. They wanted to return two. They only have one. I can't return two if they only have one. The system wouldn't let me.

(Part 2 of Pl.'s Dep. at 34). Plaintiff explains in her second affidavit that she was only responding to the second question posed by Defendant's counsel, "What was that about?" (Pl.'s 2d Aff.). She also asserts that she did not write the note in the system, and explains that the Order History concerning the transaction, which was produced by Defendant, demonstrates that the note was written by Stegeman, since Stegeman's initials and assigned number appear next to the note. (Pl.'s 2d Aff.; Ex. 11 to Pl.'s Resp.). Additionally, she explains that Plaintiff's initials and assigned number appear next to the cancellation of the order. (Pl.'s 2d Aff.; Ex. 11 to Pl.'s Resp.). Plaintiff was terminated for allegedly failing to process the return and for placing the note in the computer system, because the note was disparaging to a customer.

Plaintiff asserts that she was replaced by a white female, Brenda Brunet, relying on the Affidavit of Greg Luckett, who served as the Human Resources manager of the Hattiesburg Home Depot. (Ex. 8 to Pl.'s Mem. at ¶20). Defendant asserts that Luckett's affidavit should be stricken because he was hired at the Home Depot store over one month after Plaintiff was terminated, and therefore Luckett could not have personal knowledge concerning Plaintiff's replacement. (Def.'s Mem. in Support of Mot. to Strike at 12).

Plaintiff also alleges that Defendant discriminated against her by refusing to promote her to

the position of front-end supervisor, and retaliated against her by interfering with her attempts to gain new employment. She asserts claims pursuant to Title VII and 42 U.S.C. §1981.

## DISCUSSION

**RACE DISCRIMINATION**

In order to set forth a prima facie case of employment discrimination, a plaintiff must demonstrate (1) that she belongs to a protected class; (2) that she was qualified for the position; (3) that she suffered an adverse employment decision; and (4) that she was replaced by someone outside the protected class, or in the case of disparate treatment, that similarly situated persons outside her protected class were treated more favorably under circumstances that were "nearly identical" to hers. *See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001). If the plaintiff presents a prima facie case, the burden shifts to the defendant to demonstrate a "legitimate, nondiscriminatory justification for its actions." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881 (5th Cir. 2003). If the defendant offers such a justification, the burden again shifts to the plaintiff to show that the defendant's alleged justification was a pretext for discrimination. *Manning*, 332 F.3d at 881.

The parties do not dispute that Plaintiff belongs to a protected class, that she was qualified for the position, or that she suffered an adverse employment decision. Thus, only the fourth element of the prima facie claim is in dispute among the parties. Plaintiff asserts that she was replaced by a white female, Brenda Brunet, relying on the Affidavit of Greg Luckett, who served as the Human Resources manager of the Hattiesburg Home Depot. (Ex. 8 to Pl.'s Mem. at ¶ 20). However, Mr. Luckett does not have personal knowledge of whether Brenda Brunet actually replaced Plaintiff, since he did not work at the store when Plaintiff was terminated. Therefore, his

testimony cannot be considered by the Court.

Nevertheless, Plaintiff can set forth a prima facie case of discrimination by demonstrating that similarly situated persons outside her protected class were treated more favorably under circumstances that were "nearly identical" to hers.  As explained previously, Plaintiff was fired for allegedly failing to process a return for a customer and for writing a disparaging note in the store's computer system.  Plaintiff asserts that Nancy Stegeman, a white female, was treated more favorably than she under nearly identical circumstances, since she claims that Stegeman also disputed whether the plumber's employees should be allowed to return the cabinets and since Stegeman wrote a note in the computer system that was disparaging to the customer.  However, only Plaintiff was terminated.  Defendant asserts that Stegeman was not treated more favorably in nearly identical circumstances because Stegeman, unlike Plaintiff, did not refuse to process a return.  However, the parties dispute whether Plaintiff processed the return.  Thus, the Court finds that a genuine issue of material fact exists as to whether Stegeman was treated more favorably than Plaintiff under nearly identical circumstances, and thus a genuine issue of material fact exists regarding whether Plaintiff has set forth a prima facie case of discrimination.

Additionally, a genuine issue of material fact exists regarding whether Defendant has set forth a "legitimate, nondiscriminatory justification for its actions."  Plaintiff asserts that she did in fact process the return for the customer, and she asserts that the disparaging note was placed in the system by Nancy Stegeman.  The Order History concerning the return that has been produced by Defendant seems to support Plaintiff's testimony since Stegeman's initials appear next to the disparaging note and since Plaintiff's initials appear next to the cancellation of the customer's order.  Therefore, since a genuine issue of material fact exists regarding whether Plaintiff has set

forth a prima facie case of discrimination and whether Defendant has asserted a "legitimate, nondiscriminatory justification for its actions," Defendant's Motion for Summary Judgment as to Plaintiff's racial discrimination claim concerning her termination must be denied.

**FAILURE TO PROMOTE CLAIM**

In her Complaint, Plaintiff asserted that she was denied a promotion[1] to the position of front-end supervisor, which supervised cashiers, as a result of her race. However, she has not disputed Defendant's argument that it is entitled to summary judgment as to this claim. Defendant selected Pamela Cole, a Caucasian female, for the position, because she was the head cashier. In its Motion for Summary Judgment, Defendant asserts that Plaintiff cannot demonstrate that the decision not to move Plaintiff to the front end supervisor position was pretext for discrimination. In order to demonstrate pretext with regard to a failure to a promote claim, the Fifth Circuit requires the plaintiff to show that she is "clearly better qualified" than the person selected for the position. *Price v. Fed. Express Corp.*, 283 F.3d 715 (5th Cir. 2002) (citing *Odom v. Frank*, 3 F.3d 839, 845 (5th Cir. 1993)). Plaintiff has admitted that she does not know anything concerning Cole's prior work experience, and thus she cannot demonstrate that she was clearly more qualified for the position than Cole, particularly considering that Cole had gained experience supervising cashiers as the store's head cashier. (Part 2 of Pl.'s Dep. at 12). Therefore, Defendant is entitled to summary judgment as to Plaintiff's failure to promote claim.

**GENDER DISCRIMINATION**

Plaintiff does not dispute that she has not set forth a prima facie claim of gender discrimination. Specifically, Plaintiff has not named any male comparator who was treated more

---

[1] Plaintiff has admitted that the position would have been a lateral move rather than a promotion. (Part 2 of Pl.'s Dep. at 10).

favorably than she was. The only comparator named by Plaintiff, Nancy Stegeman, is female. Therefore, Defendant is entitled to summary judgment as to Plaintiff's gender discrimination claim.

**RETALIATION**

In order to establish a prima facie case of retaliation, a plaintiff must demonstrate that (1) she engaged in activity protected by Title VII; (2) that adverse employment action was taken against her; and (3) there is a causal link between the protected activity and the adverse employment action. *See Harvill v. Westward Commc'ns*, 433 F.3d 428, 439 (5th Cir. 2005). If a prima facie case is established, the burden shifts to the employer to offer a legitimate, non-retaliatory reason for the adverse employment action. *Harvill*, 433 F.3d at 439. After the employer states its reason, the burden shifts back to the employee to demonstrate that the employer's reason is actually a pretext for retaliation. *Id.* The ultimate determination in an unlawful retaliation case is whether the conduct protected by Title VII was a "but for" cause of the adverse employment decision. *Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005).

In support of her retaliation claim, Plaintiff asserts that she was hired by a nursery that supplies plants to Home Depot stores after she was terminated by Home Depot. (Pl.'s 2d Affidavit). However, she asserts that she was contacted by the nursery the same day that she was hired and was informed that the nursery would lose its contract with Home Depot if she were hired. Therefore, she lost the job with the nursery. Plaintiff asserts that Home Depot threatened to terminate the nursery's contract if Plaintiff were hired, and that this act constituted retaliation for the filing of her EEOC claim. However, Plaintiff only relies upon inadmissible hearsay in support of her retaliation claim. *See Warfield v. Byron*, 436 F.3d 551, 559 (5th Cir. 2006) (noting that hearsay evidence is inadmissible for summary judgment purposes under FED. R. CIV. P. 56). She

has not produced any admissible evidence of retaliation.  Therefore, Defendant is entitled to summary judgment as to Plaintiff's retaliation claim.

**42 U.S.C. § 1981**

Plaintiff also brings a claim under section 1981 for disparate treatment and retaliation.  The analysis is the same under both section 1981 and Title VII.  *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 281 (5th Cir. 2004).  The only difference is that a section 1981 claim "is not constrained by the administrative prerequisites [applicable to] Title VII claims."  *Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000) (overruled on other grounds).  Therefore the Court incorporates by reference the previous sections discussing these claims under Title VII.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment should be **GRANTED** as to Plaintiff's retaliation, failure to promote, and gender discrimination claims and **DENIED** in all other respects.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's Motion to Strike Exhibits [118] is **GRANTED** as to the affidavit of Greg Luckett and **DENIED AS MOOT** in all other respects.

**SO ORDERED AND ADJUDGED** this the 5th day of December, 2007.

>    s/ *Louis Guirola, Jr.*
>    LOUIS GUIROLA, JR.
>    UNITED STATES DISTRICT JUDGE