IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | | |
|---|---|---|
| **MYLENE L. VIVERETTE** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 2:05CV368 LG-JMR** |
| | § | **(CONSOLIDATED)** |
| | § | |
| **HOME DEPOT U.S.A., INC.** | § | **DEFENDANT** |

### ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

THIS CAUSE COMES BEFORE THE COURT on the Plaintiffs' Motion For Reconsideration [163]. The Defendant filed a response in opposition. Plaintiffs' counsel seek reconsideration of the Court's award of attorneys fees and costs in the amount of $101,455. After due consideration of Plaintiffs' Motion and the relevant law, it is the Court's opinion that the Motion is not well-taken and should be denied.

### DISCUSSION

The underlying facts and the Court's conclusions are fully set out in the May 6, 2008, Order Awarding Attorneys Fees and Costs. Five individual Plaintiffs shared a mediated settlement of approximately $300,00. As part of the settlement, counsel for the Plaintiffs were permitted to petition the Court for an award of attorneys fees and costs. In due course, Plaintiffs' counsel filed a motion for attorneys fees and costs in which they sought approximately $1.3 million in fees and $30,000 in costs. Plaintiffs' counsel have requested that the Court reconsider its award of $100,125 in attorneys fees and $1,330 in costs.

A motion for reconsideration filed within ten days after the entry of an order, although not explicitly provided for under the Rules, is properly considered under FED. R. CIV. P. 59(e). *Robin v. United States*, 233 Fed. Appx. 350, 352 (5th Cir. 2007). A Rule 59 (e) motion "calls

into question the correctness of a judgment." *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002). The movant is required to "establish either a manifest error of law or fact or must present newly discovered evidence." *Robin*, 233 Fed. Appx. at 352. A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction. *See Mongrue v. Monsanto Co.,* 249 F.3d 422, 427-28 (5th Cir. 2001); *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990).

In reviewing Plaintiffs' Motion, the Court finds arguments which were already made or which should have been made by the Plaintiffs in their motion for an award of attorneys fees and costs. It is clear that Plaintiffs' counsel is unhappy that the Court has failed to adequately reward him and his co-counsel for their work, even inferring that the Court's award of attorneys fees, "given Mississippi's [judges] reputation fails" to "discourage serious racial discrimination."[1] However, Plaintiffs' counsel misconstrues the purpose of awarding attorneys fees under 42 U.S.C. § 1988 and, significantly, the Court's function in making an award determination.

District courts have discretion when awarding fees and expenses under 42 U.S.C. § 1988, *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); *Coffel v. Stryker Corp.*, 284 F. 3d 625, 640 (5th Cir. 2002). The purposes of an award of attorneys fees under§ 1988

> are to encourage compliance with and enforcement of the civil rights laws, to encourage private enforcement of civil rights statutes, to assure effective access to the judicial process for those with meritorious civil rights grievances, to award fees that are adequate to encourage competent counsel to take civil rights cases, but which do not produce

---

[1] "Given Mississippi's reputation and other allegations of wrong-doing hurled at South Mississippi judges, it is now time for this Court, in particular, to act to discourage serious race discrimination and to let the country and its leaders know that such discrimination is not countenanced. The Court's ruling falls far short of achieving that result." Ct. R. 163 p. 4.

windfalls, and to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel. It is not the purpose of the Act to penalize defendants.

CJS CIVIL RIGHTS § 492 (footnotes omitted).

In considering a motion for award of attorneys fees, the Court should dispassionately consider the lodestar amount multiplied by the number of hours *reasonably* expended. The Court should also consider the *Johnson* factors in adjusting the loadstar amount. *Johnson v. Georgia Hwy. Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). The Court should decline an invitation to award attorneys fees as a penalty to a defendant or that results in a windfall for the attorney. The ultimate goal is to award fees "adequate to attract competent counsel but which do not produce windfalls." *Hensley,* 103 S.Ct. at 1938 n. 4(quoting S.Rep. No. 94-1011, p. 6 (1976)).

The original motion, seeking almost $1.3 million in attorneys fees, bares the specter of windfall. In addition, it sorely lacked the requisite contemporaneous records upon which courts rely in making attorneys' fees awards. Unfortunately, Plaintiffs' counsel have provided no new cache of contemporaneous fee records from which this Court can conclude that a error was made in calculating attorneys fees and costs.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiffs' Motion for Reconsideration [163] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 4th day of June, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.

                                              UNITED STATES DISTRICT JUDGE